For meaning of Abreviations, See Ternary Digest, page XII.

### No. 670

### GLICK et v. GALIER et

### No. 19895. Supreme Court

On motion to certify. Dock. June 15, 1926; 4 Abs. 404.

297. CONTRACTS—Where under a contract for purchase of real property a certificate of title is to be delivered on a certain date and due to certain circumstances of which the prospective purchaser is aware the owner is unable to deliver, may the purchaser scheme to wait until the date is passed and then declare the contract forfeited?

997. REAL PROPERTY—Where pursuant to a contract for the sale of real property a defect in the title must be cleared before the transaction can be consummated the vendor permits the purchaser to take possession of the property and keep the rents and profits, upon a technical default in complying with the contract made by the vendor, may the vendee declare a forfeiture of the rights under the contract and refuse to make an accounting for the rents and profits received by him?

114. ATTORNEY AND CLIENT—If an attorney agrees to the extension of the time of performance of a contract for his client is the client bound thereby if he has not so instructed his attorney?

This suit was brought originally in the Cuyahoga Common Pleas by Abraham Glick et al. against Peter Galier et al. for specific performance of a contract.

It appears that Glick the owner of certain real estate entered into a contract with Galier for the purchase of said property, the contract providing that the grantors were to place in escrow with the Cleveland Trust Company a deed to be recorded by the company when the title could be certified in the grantors, the grantees to deposit in escrow with the company the purchase price.

There being a defect in the title it was arranged that a suit to quiet title be filed and that in the meantime the prospective vendees should occupy the premises and collect the rents. The vendees however before the termination of the suit to quiet title made demand upon the bank for their money; whereupon the court granted a temporary restraining order against said vendees. Whereupon a supplemental agreement was entered into, which extended the time of performance of the contract to August 25, 1925. Early in August 1925 the Abstract Company informed the Cleveland Trust Company that the title was cleared.

The prospective vendees employed another attorney and waited until August 26 at which time the contract was declared forfeited and in compliance therewith was refused.

Specific performance was granted by the Common Pleas which judgment was reversed by the Court of Appeals which refused also to grant an accounting of the rents and profits collected. Glick in the Supreme Court contends:

1. That the defendants schemed to deliver performance until August 26th and thereby were not entitled to any standing in a court of equity.

2. That it was impossible to obtain a certificate of title.

3. That they were entitled to a decree for specific performance of the contract.

Attorneys—Miller & Jaffa for Glick et; Jos. Nuccio, F. C. Scott, Sawyer, Cummings, Strong & Douglas for Galier et; all of Cleveland.